**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**
**Plaintiff,**

v.                                                                                      Case No: 8:17-cv-1269-T-33-TGW

**STEVEN J. KANIADAKIS**
**Defendant.**

_____/

## Motion to Dismiss:

Defendant, Steven J. Kaniadakis, respectfully responds as follows to the above captioned;

### A. The Debt Collection;

1. Without knowledge, including but not limited to, following concerns;

    a. Representatives named in this case appear to be a private association (P.A.) or incorporation. Accordingly, this appears to be another official looking case, and this may be just another person trying to get unsubstantiated money owed by looking for leads in public records. Opposed to A.U.S.A, typically representing The U.S. Attorney's Office and *The United States of America*. and as your EXHIBIT "A" also seems to say;

    b. Defendant has suffered a long standing struggle trying to ascertain the current representatives and the true entity actually representing any debit owed e.g., originator and principal to loans and money which may be owed to somebody. Also, defendant has many various alleged entities, collection agents, agencies, letters alleging official representations, and they turn out to be letters

bouncing from one collection person to the next.

c. Accordingly, there is no "loan servicing centers", such as "Sally Mac", etc. which was named in order that figures listed could be actually reconciled to various moneys listed with one single <u>Exhibit "A"</u> attached to the complaint in question.

d. The public document <u>EXH. "A"</u> attached to questionable complaint appears to be a public document.

e. Copies of the mentioned promissory notes in the referenced EXH "A" were not supplied, "SLMA, HEAL", *etc.*;

   i. Defendant does not know what "SLMA" means, perhaps there is some recollection that could be provided;

   ii. Defendant's recollection that after a period of time the agreement is that the loans are "dischargeable". Original agreements may reveal this fact. <u>EXH. "A"</u> identifies that the U.S. Bankruptcy Court discharged money owed. Defendant's recollection that there was no objection by the debtors;

   iii. It appears that the history on Ohio College of Podiatric Medicine is inaccurate in various ways;

   iv. EXH. "A" says defendant was "granted forbearance agreements". However, the dates appear inconsistent with the payments. As it appears inconsistent with having "forbearance agreements" during the same time periods, yet making "payments" as stated in EXH. "A";

2. The allegation by reference to EXH. "A" appears to be erroneous to state or relate that there was a "lack of cooperation". There has been numerous correspondence sent to various entities including to what appears to be the named captioned on EXH. "A". Cooperation including, but not limited to, that were forms/appeals sent to cooperate with establishing the ongoing disputed amounts and provided statements checked on correspondence for some reasons money could not be paid. Defendant respectfully requests appeal forms which defendant had mailed on an ongoing basis be produced in order to help further cooperation concerning these very serious charges.

3. "OSI" Collection Services was just one among numerous "collection" agencies. This started in 1992 with physical threats being made and saved on tape recording if the collections were not paid, *"or how do you doctors say, cause further harm to the organism"*. Defendant thinks he still has the recording.

B. **Failure to pay;**

4. The figure is denied;

5. Money is owed, however, the account and amount remains erroneous as stated in the complaint and referenced attachment, as outlined in defendant's response.

C. Claim fails to make a statement of claim that justifies action against defendant stated.

### COUNTERCLAIM:

1. Upon information and belief because of erroneous repayment including, but not limited to, defendant being improperly put into various times of repayment when he was supposed to be in either forbearance and/or deferment periods it

has caused irreparable harm, injury, punitive and other damages with various collections causing erroneous poor credit history and ratings.

2. Upon information and belief that despite loan processors, originators, servicing centers have confirmed in several written documentations stating that the moneys were not owned and/or not to have been in repayment;

   a. Despite the same sending notices to collectors, and others, various collections and others have continued to cause the derogatory issues to defendant's credit;

   b. Despite the same sending notices to collectors, and others, various collections and others to remove derogatory reports they did not remove derogatory reports from credit statements and ratings.

   c. Despite the above, a pattern and course of conduct or practice to sell loans, bundle loans, send to various collectors and others, made the ordeal virtually impossible to locate true accounting and each the responsible entities to address loan related issues.

3. Upon information and belief erroneous accounting and other wrong practices and statements including, but not limited to, erroneous figures and inaccurate reporting.

4. Upon information and belief statute of limitations may be applied in this case.

5. Greater than thirty (30) years has transpired in this case from some history which has been related to by EXH. "A" as to Ohio College of Podiatric Medicine **(1985)**, year nineteen hundred eighty five.

6. Defendant has mailed numerous letters to various entities including an appeal like letter and/or form. The document provides for a reason why one might not be able to pay. Upon information and belief the documentation should provide relief from claims filed.

7. Upon information and belief this ordeal has been akin to the "housing loan crises issues" with so called "toxic loans". Government investigators, legislators, and others have documented that even if someone wanted to pay, it was virtually impossible to find who and the correct statements.

8. Upon information and belief Fair Debt Collection Practices Act, **15 U.S.C. § 1692, 15 U.S. Code § 1692j** - Furnishing certain deceptive forms.

9. The erroneous reporting has caused harm in ways not fully known.

Defendant moves that This Honorable U.S. Court to dismiss his claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on JUNE 27, 2017, the foregoing was sent by mailed by U.S. mail and/or electronically filed the foregoing using the Management/Electronic Case Filing system ("CM/ECF") *via* Clerk of Court which will send a Notice of Electronic Filings to the following named representative;

**Plaintiff:**
**Law Offices**

**BECKER & POLIAKOFF, P.A.**

**Steven M. Davis, FL Bar # 894249**

**121 ALHAMBRA Plaza, 10 th. Floor**

**Coral Gables, FL 33134**

**Phone (305) 262-4433**

*"Attorneys for Plaintiff United States of America"*

Dated this 27th day of June, 2017.

_____
Steven J. Kaniadakis
*Pro se*, defendant
2895 64th Avenue South
St. Petersburg, FL 33712-5554