```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
       TAMPA DIVISION
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 8:17-cv-1269-T-33TGW

STEVEN J. KANIADAKIS,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant Steven J. Kaniadakis's Motion to Dismiss and Counterclaim (Doc. # 11), filed on June 27, 2017. Plaintiff United States of America filed a response on July 12, 2017. (Doc. # 14). For the reasons that follow, the Motion is denied.

**I.    Background**

    According to the Complaint, Kaniadakis is indebted to the United States in the total amount of $443,170.01 for the principal and interest accrued for various student loans. (Doc. # 1 at 1-2; Doc. # 1-2). "Demand has been made upon [Kaniadakis] for payment of the indebtedness, and [Kaniadakis] has neglected and refused to pay the same." (Doc. # 1 at 2).

The United States initiated this default of student loan action against Kaniadakis. (Doc. # 1). Kaniadakis, who is proceeding pro se, then filed his Motion to Dismiss and Counterclaim (Doc. # 11), arguing that allegations in the Complaint and attachments are incorrect and that the Complaint fails to state a claim. Kaniadakis also attempts to assert a counterclaim for violation of the Fair Debt Collection Practices Act (FDCPA) by the United States. (Id. at 3-5). The United States responded to the Motion on July 12, 2017. (Doc. # 14). The Motion is ripe for review.

II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)(stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. **Analysis**

As the United States correctly notes, Kaniadakis failed to identify whether his motion was brought under Rule 12(b)(6) and did not include a memorandum of legal authority as required by Local Rule 3.01(a). See M.D. Fla. L.R. 3.01(a) ("In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request . . ."). Additionally, Kaniadakis's arguments rely heavily on allegations of conduct and correspondence that do not appear within the four corners of the Complaint, and therefore cannot

be considered by the Court. See St. George, 285 F.3d at 1337. Finally, upon review, the Complaint states a cause of action plainly and simply: Kaniadakis owes a debt to the United States and he has defaulted on the debt. (Doc. # 1 at 1-2). Therefore, the Motion is denied.

Regarding the Counterclaim embedded in the Motion, Kaniadakis seems to raise various affirmative defenses to the United States' claim and asserts a violation of the FDCPA by the United States. (Doc. # 11 at 4-5). But the proper place to raise a counterclaim is in an answer to the Complaint, not a motion to dismiss. See Fed. R. Civ. P. 13 (specifying that a counterclaim should be pled in a pleading); Fed. R. Civ. P. 7 (drawing a distinction between pleadings, which include "an answer to a complaint," and motions). If Kaniadakis wishes to assert a counterclaim, he may do in his answer.

And, because Kaniadakis is proceeding pro se, the Court takes this opportunity to clarify some issues. First, Kaniadakis expresses concern that this action has not been brought by the United States, but rather "just another person trying to get unsubstantiated money owed by looking for leads in public records," because the United States is represented by outside counsel. (Doc. # 11 at 1). But Kaniadakis's concern is unfounded. The United States frequently contracts outside

counsel to handle certain types of cases, including student loan default cases.

The Court also advises Kaniadakis that pro se litigants must comply with all procedural rules of federal courts, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. See <u>McFarlin v. Douglas Cty.</u>, 587 F. App'x 593, 595 (11th Cir. 2014)("[A] pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading."). The Middle District of Florida's website maintains a "Proceeding without a Lawyer" page, which is one valuable resource regarding the litigation process to which Kaniadakis may refer, but on which he should not exclusively rely.

Additionally, if Kaniadakis has questions about the meaning of the Court's Orders, he may consult with a lawyer for free on a limited basis at the Legal Information Program operated by the Tampa Chapter of the Federal Bar Association on Tuesdays from 11:00 AM to 12:30 PM in the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Appointments, which are recommended but not required, can be made by calling (813) 301-5400.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Steven J. Kaniadakis's Motion to Dismiss and Counterclaim (Doc. # 11) is **DENIED**. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(a), Kaniadakis's answer to the Complaint is due **July 27, 2017.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of July, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE