UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 8:17-cv-1269-T-33TGW

STEVEN J. KANIADAKIS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the United States of America's Motion for Summary Judgment (Doc. # 30), filed on September 15, 2017. Plaintiff Steven J. Kaniadakis responded on September 26, 2017. (Doc. # 35). For the reasons that follow, the Motion is denied without prejudice as prematurely asserted.

**I.    Background**

On May 26, 2017, the United States initiated this default of student loan action against pro se Defendant Steven J. Kaniadakis. (Doc. # 1). According to the Complaint, Kaniadakis is indebted to the United States in the total amount of $443,170.01 for the principal and interest accrued for various student loans. (Id. at 1-2; Doc. # 1-2). Kaniadakis filed a motion to dismiss the Complaint on June

1

27, 2017, (Doc. # 11), which the Court denied on July 13, 2017. (Doc. # 15). Subsequently, Kaniadakis filed his Answer on July 31, 2017. (Doc. # 17).

On June 29, 2017, the Court entered its Case Management and Scheduling Order (Doc. # 12), setting a discovery deadline of August 28, 2017. But Kaniadakis moved to extend the discovery period by sixty days on August 17, 2017, arguing that further discovery was necessary regarding his payment history. (Doc. # 21). After the United States indicated that it did not oppose the requested extension (Doc. # 23), the Court granted Kaniadakis's motion, extended the discovery deadline to October 27, 2017, and entered an Amended Case Management and Scheduling Order. (Doc. ## 24, 25).

On August 24, 2017, Kaniadakis filed a motion to produce, seeking discovery of various documents related to, among other things, his payment history and communications with loan servicers. (Doc. # 26). United States Magistrate Judge Thomas G. Wilson denied the motion without prejudice for failure to comply with Local Rules 3.01(a) and 3.04(a). (Doc. # 27).

Then, on September 15, 2017, the United States filed its Motion for Summary Judgment. (Doc. # 30). After the Motion was filed, Kaniadakis filed a motion to compel (Doc. # 31)

and motion for production and to compel (Doc. # 32) on September 18, 2017. In the motion to compel, Kaniadakis "moves that this Court DEN[Y] PLAINTIFF'S Motion for Summary Judgment" because the discovery deadline was extended to October 27, 2017 — over a month after the United States filed its Motion. (Doc. # 31 at 3). He argues that the United States' Motion is "evidently premature" and that the United States is seeking "essentially a rush to judgment." (Id.). Judge Wilson denied Kaniadakis's motions without prejudice for failure to comply with the Local Rules on September 19, 2017. (Doc. ## 33, 34).

Then, on September 26, 2017, Kaniadakis filed a response in opposition to the United States' Motion. (Doc. # 35). In his response, Kaniadakis makes numerous arguments for why the Motion should be denied. Most importantly, Kaniadakis notes that he "requested Plaintiff produce documentation discovery. They did not." (Doc. # 35 at 6). He asserts that he has requested discovery related to his payment history and his affirmative defense of discharge, but has not received these documents from the United States. (Id. at 16-19).

Because the Court finds that the Motion for Summary Judgment is premature, the Motion is denied without prejudice.

## II. **Analysis**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As stated in Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

4

Id. at 870 (internal citations omitted).

Kaniadakis points out that he has not had a meaningful opportunity to develop the facts through discovery. In his motion to compel, Kaniadakis notes the United States has not yet provided any requested discovery to him and argues that granting summary judgment would be "premature" and "essentially a rush to judgment." (Doc. # 31 at 3). Kaniadakis reiterates in his response to the Motion for Summary Judgment that the United States has not yet provided him discovery: "Defendant requested Plaintiff produce documentation discovery. They did not." (Doc. # 35 at 6). The October 27, 2017, discovery deadline set by the Court's Amended Case Management and Scheduling Order has yet to expire. See (Doc. # 25). And Kaniadakis's September 18 motions to compel, although they were denied without prejudice, indicate that Kaniadakis is still actively seeking discovery to support his defense. (Doc. ## 31, 32).

Upon due consideration, the Court determines that the United States' Motion for Summary Judgment should be denied as premature. The court reached a similar result in Blumel, 919 F. Supp. at 423. There, the plaintiff filed a motion for summary judgment "when discovery just began." Id. at 429. The court denied the motion for summary judgment as "blatantly

5

premature" after finding that "there has been inadequate time for discovery." Id. The court explained, "If the Court were to rule on the merits of [the plaintiff's] motion, such ruling would frustrate the [defendants'] right to factually investigate." Id.; see also Fed. R. Civ. P. 56(d)(providing for discovery where a non-movant cannot present facts essential to justify its opposition to the summary judgment motion); Royal Oak Enters., LLC v. Nature's Grilling Prods., No. 1:10-cv-2494-JEC, 2011 U.S. Dist. LEXIS 133856, at *9 (N.D. Ga. Nov. 21, 2011)("Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment. However, at this stage in the litigation, the motion is clearly premature.").

The Court determines that the United States' Motion for Summary Judgment was prematurely filed. Therefore, in order to allow the parties the opportunity to engage meaningfully in discovery, the Court denies the Motion without prejudice. The United States may move again for summary judgment after completion of discovery and before the dispositive motions deadline of November 9, 2017.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff United States of America's Motion for Summary Judgment (Doc. # 30) is **DENIED WITHOUT PREJUDICE** as prematurely asserted. The United States may move for summary judgment after discovery has been completed and before the dispositive motions deadline of November 9, 2017.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of September, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE