UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 8:17-cv-1269-T-33TGW

STEVEN J. KANIADAKIS,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the United States of America's renewed Motion for Summary Judgment (Doc. # 43), filed on November 8, 2017. Pro se Defendant Steven J. Kaniadakis responded on November 21, 2017. (Doc. # 45). For the reasons that follow, the Motion is granted.

**I.   Background**

"As a student at the Ohio College of Podiatric Medicine, [Kaniadakis] applied for and [was] granted Health Education Assistance Loans (HEAL)" made by a private lender. (Doc. # 43-2 at 1). Kaniadakis "consolidated [his] HEAL loans into one HEAL Relief Account loan in the amount of $146,575.13" and "signed a promissory note on February 25, 1995, agreeing to repay the loan at a variable rate of interest." (Id.; Doc. # 43-1 at 3-5). "Between October 23, 1995, and February 4,

1997, [Kaniadakis] made sixteen [] payments totaling $11,633.75." (Doc. # 43-2 at 1).

On September 12, 1997, Kaniadakis filed for bankruptcy in the United States Bankruptcy Court, District of Alaska. (Id.). The majority of Kaniadakis's debts were "discharged on June 22, 1998, however, [Kaniadakis's] HEAL debt was not dischargeable under bankruptcy." (Id.). Due to the bankruptcy, the promissory note was assigned from the private lender to the Department of Health and Human Services (HHS) on October 7, 1997. (Id.). HHS informed Kaniadakis that it was the current holder of the note by letter dated October 7, 1997. (Id.). Despite numerous attempts by HHS to establish a repayment schedule with Kaniadakis, a repayment schedule was not set and no further payments were made. (Id. at 1-2).

On May 26, 2017, the United States initiated this default of student loan action against Kaniadakis. (Doc. # 1). According to the Complaint, Kaniadakis is indebted to the United States in the total amount of $443,170.01 for the principal and interest accrued for the consolidated student loan. (Id. at 1-2; Doc. # 1-2). Kaniadakis filed a motion to dismiss the Complaint on June 27, 2017, (Doc. # 11), which the Court denied on July 13, 2017. (Doc. # 15). Subsequently, Kaniadakis filed his Answer on July 31, 2017. (Doc. # 17).

On June 29, 2017, the Court entered its Case Management and Scheduling Order (Doc. # 12), setting a discovery deadline of August 28, 2017. But Kaniadakis moved to extend the discovery period by sixty days on August 17, 2017, arguing that further discovery was necessary regarding his payment history. (Doc. # 21). After the United States indicated that it did not oppose the requested extension (Doc. # 23), the Court granted Kaniadakis's motion, extended the discovery deadline to October 27, 2017, and entered an Amended Case Management and Scheduling Order. (Doc. ## 24, 25).

Then, on September 15, 2017, the United States filed its first Motion for Summary Judgment. (Doc. # 30). Kaniadakis then filed numerous motions to compel discovery and responded to the Motion for Summary Judgment, arguing that the Motion was premature because discovery was still underway. (Doc. ## 31, 32, 35). The Court denied the United States' first Motion for Summary Judgment without prejudice on September 27, 2017, after finding that the Motion was premature. (Doc. # 36). The Magistrate Judge granted Kaniadakis's Second Motion to Compel on October 24, 2017 (Doc. # 41), and the United States subsequently filed a notice of compliance indicating that it had provided the requested to discovery to Kaniadakis. (Doc. # 42).

Now, after the discovery period has ended, the United States has filed its renewed Motion for Summary Judgment. (Doc. # 43). Kaniadakis responded in opposition on November 21, 2017. (Doc. # 45). The Motion is ripe for review.

**II.  Legal Standard**

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at

trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only

proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

### III. Analysis

"In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits, and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case." United States v. Pelletier, No. 8:08-cv-2224-T-33EAJ, 2009 WL 800140, at *2 (M.D. Fla. Mar. 24, 2009). Specifically, "[t]o recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013).

"The [United States] may establish the prima facie elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury." United States v. Hennigan, No. 6:13-cv-1609-Orl-31DAB, 2015 WL 2084729, at *7 (M.D. Fla. Apr. 30, 2015). The United States need not produce the original promissory note to recover from a defaulted student loan debtor. Carter, 506 F. App'x at 858. "The burden then shifts to the borrower to establish that the amount is not due and owing. In the absence of such proof,

summary judgment in favor of the claimant is appropriate." Pelletier, 2009 WL 800140, at *2 (citing United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975)).

The United States has established its prima facie case by providing a copy of the promissory note signed by Kaniadakis, and the Certificate of Indebtedness, in which the United States' loan specialist states under penalty of perjury that the United States is the current owner and holder of the note and that Kaniadakis defaulted on the note. (Doc. ## 43-1, 43-2). While the photocopy of the promissory note is less than ideal in clarity, it reflects that that a promissory note consolidating $146,575.13 in HEAL student loan debt through SallieMae was signed by Kaniadakis on February 25, 1995. (Doc. # 43-1 at 3-5). It is of no consequence that the United States has not presented the original promissory note. See Carter, 506 F. App'x at 858; United States v. Geis, No. 13-80474-CIV-DIMITROULEAS, 2013 WL 12101145, at *1 (S.D. Fla. Sept. 4, 2013)("Defendant's 'defense' that Plaintiff failed to produce the signed bank documents is not a defense as the original note [for the student loan] is not a negotiable instrument and therefore need not be produced." (citation omitted)).

Therefore, the burden is on Kaniadakis to establish a genuine issue of material fact as to whether he owes the loan amount described by the United States. "It is not sufficient for [Kaniadakis] to merely allege non-liability; rather, [he] must produce specific and concrete evidence of the nonexistence, payment, or discharge of the debt." Hennigan, 2015 WL 2084729, at *9.

First, Kaniadakis argues that the United States did not sufficiently respond to his discovery requests. (Doc. # 45 at 10, 25). He insists that a complete payment history was not provided to him, including all payments made before his various loans were consolidated. (Id. at 22). He also complains that it is unclear which loans were consolidated. (Id. at 4-5, 7-8, 13, 22). But the Court notes that the United States filed a certificate of compliance on October 27, 2017, indicating that it sent Kaniadakis approximately 120 documents in compliance with the order granting Kaniadakis's second motion to compel. (Doc. # 42). Kaniadakis did not file any further motions to compel arguing that the discovery was insufficient. Nor is it clear that the United States withheld any documents in its possession, custody, or control. See Fed. R. Civ. P. 34(a)(requiring a party in a civil case to

produce only those documents "in the responding party's possession, custody, or control[.]").

Also, Kaniadakis argues that many of the documents attached to the United States' motion are "inconsistent, . . . incomplete, tampered with in various ways." (Doc. # 45 at 7, 2-3, 25). But, Kaniadakis does not provide any evidence of tampering besides his conclusory allegation and insistence that some of his own handwritten annotations should be visible on certain documents. Cf. United States v. White, No. 5:08-CV-348-F, 2009 WL 3872342, at *3 (E.D.N.C. Nov. 18, 2009)(granting summary judgment where defendant failed to "proffer [ ] any sworn statement or statement made under penalty of perjury supporting" his belief that "forgery or other nefarious actions [were] at play" regarding his student loans). Although he argues documents are inconsistent or incomplete, Kaniadakis does not point out any inconsistencies in the documents attached to the United States' Motion or turned over to him in discovery that would raise a genuine issue of material fact about the amount of the student loans.

Furthermore, two of the documents provided by the United States — the promissory note and the Certificate of Indebtedness — are alone sufficient to establish a prima facie case. If certain documents provided by the United States are

incomplete or other documents exist, that does not change that the United States has met its burden. See <u>United States v. Bayless</u>, No. 8:16-cv-2757-T-33MAP, 2017 WL 882109, at *4 (M.D. Fla. Mar. 6, 2017)("[T]o the extent these documents are not originals or other documents not in the record exist, they are not required for the United States to show that it is entitled to a judgment against Bayless. The United States needs to produce only the promissory note and Certificate of Indebtedness to establish its prima facie case, which it has done.").

Essentially, while Kaniadakis wishes that more pre-consolidation documentation for the various loans were available, he has not provided any evidence to doubt that the consolidated loan amount, as described in the Certificate of Indebtedness, was incorrectly calculated. See <u>United States v. Ashanti</u>, No. 3:10CV42/MCR/EMT, 2010 WL 5510074, at *4 (N.D. Fla. Nov. 29, 2010), <u>report and recommendation adopted</u>, No. 3:10CV42/MCR/EMT, 2011 WL 31126 (N.D. Fla. Jan. 3, 2011)("In short, Defendant has come forward with nothing that disputes the fact of the consolidated loan itself nor his default of that loan in repayment.").

Finally, Kaniadakis insists that his student loans were discharged in his bankruptcy proceedings. (Doc. # 45 at 6-7,

10-11, 14, 19-20, 24). The burden is on Kaniadakis to establish that his loans were discharged. See Pelletier, 2009 WL 800140, at *2. Thus, Kaniadakis is incorrect when he asserts that the United States must prove that his loan was not discharged and that it would not be an undue hardship on Kaniadakis to pay the student loans. (Doc. # 45 at 14-15, 18-24). Kaniadakis has not presented any evidence that his debt was discharged in the bankruptcy proceedings in Alaska. Attached to his Answer is a document from his original HEAL loan agreement that states that HEAL loans may be "discharged in bankruptcy after the first 5 years of the repayment period only upon a finding by the Bankruptcy Court that the non-discharge of such debt would be unconscionable . . ." (Doc. # 17-1 at 7). But, while his loans may have been dischargeable upon a finding of unconscionability or undue hardship by the Bankruptcy Court, Kaniadakis has not attached a Court order or other bankruptcy filing to show that such a finding was made and the student loans were actually discharged.

Kaniadakis's statement in his response that his student loans were discharged is insufficient to rebut the United States' prima facie case. See Ashanti, 2010 WL 5510074, at *4 ("Even if Defendant has a genuine belief that the loan at issue was discharged in bankruptcy along with his other loans

11

. . . such belief is not enough to defeat Plaintiff's motion."). Therefore, he has not shown the existence of a genuine issue of material fact regarding his obligation to pay under the promissory note. See United States v. Morrissey, No. 6:14-cv-697-Orl-31KRS, 2014 WL 4674290, at *4 (M.D. Fla. Sept. 15, 2014)("Because Morrissey did not provide any evidence whatsoever that his student loan debt was discharged in a bankruptcy proceeding, he has failed to demonstrate a genuine issue of disputed material fact regarding his default on his obligation to pay under the note.").

Nor can Kaniadakis show that his student loan should not otherwise be enforced because of undue hardship. It is not the role of this Court to make an undue hardship determination for Kaniadakis's student loan debt. See United States v. Hebert, No. 8:07-cv-11-T-30EAJ, 2007 WL 2916394, at *2 (M.D. Fla. Oct. 5, 2007)("Other than making an undue hardship argument under 11 U.S.C. § 523(8) within an adversary proceeding before a U.S. bankruptcy court, this Court is unaware of any other common law or non-bankruptcy statutory law that provides a defense, exclusion, or exception that would relieve Defendant from liability under the Note."). Kaniadakis has not shown that his student loan debt was discharged through any bankruptcy proceedings, and therefore

he has not presented a genuine issue of material fact as to whether the debt is still owed.

## IV. Conclusion

Because the United States has established a prima facie case and Kaniadakis has failed to proffer any evidence creating a genuine issue of material fact, the United States' renewed Motion for Summary Judgment is granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's renewed Motion for Summary Judgment (Doc. # 43) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of the United States of America in the amount of $444,495.01 ($435,430.67 in principal, $7,739.34 in interest accrued through April 13, 2017, a $45.00 service fee, and $1,280.00 in attorney's fees), plus interest at the variable rate of 3.625% per annum on the unpaid principal to the date of this judgment and interest at the rate prescribed by 28 U.S.C. § 1961 from the date of judgment, for which sum let execution issue.

(3) Once Judgment has been entered, the Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of November, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE